| | |
|---|---|
| BRANDON JOHNSON and CHARI JOHNSON,<br><br>                Plaintiffs,<br><br>v.<br><br>THACKER ENTERPRISES, INC. dba ONE STOP AUTO SALES, FRED THACKER, O'REILLY CHEVROLET, INC., SAMUEL RUBEN GARCIA, MANHEIM REMARKETING, INC., and WELLS FARGO BANK, NATIONAL ASSOCIATION dba WELLS FARGO DEALER SERVICES,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 1:15-cv-152-DB<br><br>District Judge Dee Benson |

Before the court is Defendants One Stop Auto Sales and Fred Thacker's Motion for Judgment on the Pleadings. (Dkt. No. 81.) In their Motion, Defendants move for dismissal of Plaintiff Chari Johnson's[1] claims on the grounds that they are barred by the applicable statutes of limitations. The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

---

[1] Plaintiff Brandon Johnson filed a Notice of Voluntary Dismissal on October 5, 2017. (Dkt. No. 69.)

BACKGROUND

On November 28, 2011, Plaintiff purchased a GMC Sierra 1500 pickup (the "GMC") from One Stop Auto Sales ("One Stop") and Fred Thacker ("Thacker"). (First Amended Complaint ("Compl.") at ¶ 43.) At the time of the sale, the mileage listed for the GMC was 85,103 miles. (*Id.* at ¶ 50.) Plaintiff was not given any indication at the time of sale that the mileage was any different than that provided by Defendants. (*Id.* at ¶¶ 51-52.) Prior to purchasing the vehicle, Plaintiff requested a Carfax report but was assured by One Stop salesperson Tyson Savage (who had allegedly seen the report) that the vehicle was clean, without collisions, and had low miles. (*Id.* at ¶ 47.) Relying on those representations, Plaintiff went through with the sale. (*Id.* at ¶ 49.)

In December of 2013, Plaintiff listed the GMC for sale. (*Id.* at ¶ 55.) On December 4, 2013, Plaintiff was informed by a potential buyer that the Carfax for the GMC showed that the odometer reading had been altered. (*Id.*) This was the first time that Plaintiff learned of the odometer discrepancy. (*Id.* at ¶ 56.)

Plaintiff subsequently discovered that Samuel Ruben Garcia ("Garcia") purchased the GMC from O'Reilly Chevrolet, Inc. ("O'Reilly") on approximately August 27, 2007. (*Id.* at ¶ 29.) At the time of purchase in 2007, the GMC's odometer showed 83,169 miles. (*Id.*) As of February 24, 2009, the mileage on the GMC showed 121,789 miles. (*Id.* at ¶ 31.) As of June 12, 2010, the mileage shown on the odometer of the GMC was reported as 65,448 miles. (*Id.* at ¶ 33.) Thus, sometime between February 2009 and June 2010, the odometer on the GMC was tampered with, reducing the mileage shown by at least 56,000 miles. (*Id.* at ¶ 32.) The mileage discrepancy was reported on Carfax as of January 1, 2011. (*Id.* at ¶ 34.)

Garcia owned the vehicle until he traded it back in to O'Reilly in March of 2011. (*Id.* at ¶ 35.) At the time of the 2011 trade-in, the odometer for the GMC showed as few or fewer miles than it had shown when O'Reilly sold the vehicle to Garcia about three and a half years earlier. (*Id.* at ¶ 37.) Plaintiffs allege that Garcia informed O'Reilly that he had replaced the odometer and that the mileage was understated. (*Id.* at ¶ 36.) Plaintiffs alternatively allege that the odometer was non-functional at the time Garcia traded it in to O'Reilly. (*Id.* at ¶ 36.) On March 9, 2011, O'Reilly sold the GMC to One Stop at an auction sale in Tucson, Arizona. (*Id.* at ¶ 39.) Plaintiff purchased the vehicle from One Stop a few months later, on November 28, 2011. (*Id.* at ¶ 43.)

Plaintiff filed suit in this court on December 3, 2015, alleging violations of the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32710, *et seq.,* ("Odometer Act") and communications fraud against One Stop and Thacker.[2]

## DISCUSSION

"A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is treated as a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992). Dismissal under this standard is appropriate "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Id.* (quoting *Jacobs, Visconsi & Jacobs Co. v. City of Lawrence,* 927 F.2d 1111, 1115 (10th Cir.1991)). The court must accept all well-pleaded allegations in the complaint as true and "construe them in the light most favorable to the plaintiff." *Williams v. Meese,* 926 F.2d 994, 997 (10th Cir.1991).

---

[2] Plaintiff also alleged Odometer Act violations against the other defendants and FTC Holder Rule liability, pursuant to 16 C.F.R. § 433.2, against Wells Fargo.

An action for violation of the Odometer Act "must be brought not later than 2 years after the claim accrues." 49 U.S.C. § 32710(b). The timeliness of a claim under the Odometer Act "depends on whether the purchaser…discovered or should have discovered the appropriate defendants' alleged fraud within two years of the filing of the original complaint." *State of Utah by Wilkinson v. B & H Auto*, 701 F. Supp. 201, 203 (D. Utah 1988). Thus, courts have "tolled the running of the limitations period from the time of the violation until the time the purchaser discovers the fraud or should have discovered it in the exercise of reasonable discretion." *Id.* "Because a statute of limitations argument is an affirmative defense, Fed.R.Civ.P. 8(c), the burden is on the defendants to prove that the limitations period has run." *Id.*

Plaintiff alleged that she requested a copy of the Carfax report at the time of sale, which would have exposed the discrepancy, but that an agent of One Stop assured her that the vehicle was clean, without collisions, and had low miles. (*Id.* at ¶ 47.) Plaintiff relied on those representations in consummating the sale. (*Id.* at ¶ 49.) Plaintiff also alleged that she did not discover the odometer discrepancy until a potential purchaser alerted her to it on December 4, 2013. (Compl. at ¶¶ 55-56.)

Defendants argue that Plaintiff should not have relied on their representations regarding the condition of the vehicle when the Carfax was readily available. (Dkt. No. 81 at 5.) Instead, Defendants argue, Plaintiff's duty to exercise reasonable diligence included a requirement to do an independent investigation of the actual condition of the GMC, including obtaining a Carfax report. (*Id.*) The court disagrees.

A rule requiring every potential purchaser to obtain a Carfax report to confirm the legitimacy of the odometer disclosure provided by the seller would be inconsistent with the

language and purpose of the Odometer Act. The Odometer Act requires the seller of a motor vehicle to provide an accurate disclosure of the cumulative mileage, or a disclosure that the actual mileage is unknown, upon transfer of a motor vehicle. 49 U.S.C. § 32705. In other words, the Odometer Act places a burden of disclosure on the seller, not a burden to inquire on the buyer. Prohibiting Plaintiff here from proceeding with her claims because she failed to verify the disclosures provided to her by One Stop would essentially create a rule requiring every purchaser to obtain a Carfax report in order to receive protection under the Odometer Act. Absent statutory authority, the court is unwilling to adopt such a rule. Plaintiff has alleged that she filed her Odometer Act claims within two years of discovering the mileage discrepancy, and Defendants have not carried their burden of proving that Plaintiff failed to file within the limitations period.

Defendants' arguments with respect to Plaintiff's communications fraud claim fail for the same reason. In Utah, an action founded on fraud must be brought within three years. Utah Code § 78B-2-305. The statute of limitations for fraud "begins to run from the time the person entitled to the property knows, or by reasonable diligence and inquiry should know, the relevant facts of the fraud." *Baldwin v. Burton*, 850 P.2d 1188, 1196 (Utah 1993). Here, Plaintiff did not fail to exercise reasonable diligence or inquiry by failing to obtain a Carfax report. Plaintiff relied on Defendants' representations that the vehicle was clean, as well as the mileage disclosures provided by Defendants, when purchasing the GMC. Plaintiff filed suit within three years of discovering the mileage discrepancy through information provided by a third party. Those allegations are sufficient to survive Defendants' Motion for Judgment on the Pleadings.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is hereby DENIED.

DATED this 6th day of April, 2018.

BY THE COURT:

Dee Benson
United States District Judge